UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                            Case No. 6:98-cr-51-Orl-19

**TERRY DONNELL NICKSON,**

                **Defendant.**

_____

# ORDER

This case comes before the Court on the Petition Seeking Mandamus Relief by Terry Donnell Nickson. (Doc. No. 118, filed Feb. 8, 2010.)

## Background

Petitioner Terry Donnell Nickson pled guilty to Counts I, II, and III of the Indictment charging him with: (1) conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371; (2) bank robbery with assault or use of a dangerous weapon in violation of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 2; and (3) use or carrying of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. (Doc. No. 85 at 1, filed Aug. 4, 1998.) At the sentencing hearing on July 30, 1998, Petitioner was sentenced to 260 months of imprisonment to be followed by three years of supervised release. (*Id.* at 2-3.) The Court also imposed an assessment of $300.00 and ordered restitution paid to Banco Popular in the amount of $14,168.45. Restitution was directed to be paid jointly and severally with co-defendants Tolbert Lee Alexander and Cedric Lamar Watson. (*Id.* at 5.) Pursuant to a letter from the Probation Office for the Middle District of Florida to co-Defendant Watson dated April 22, 2009 ("Probation Letter"), as of April

8, 2009, the principal balance of restitution was paid in full, and interest in the amount of $2,625.37 remained unpaid. (Doc. No. 118-1 at 2.)

Petitioner petitions this Court for a writ of mandamus to the Bureau of Prisons to discontinue deducting half of Petitioner's monthly income for purposes of paying restitution in this case. (Doc. No. 118.) Petitioner argues that because the Court did not order interest to be paid on the restitution and because the restitution principal has been paid in full, the Bureau of Prisons has unlawfully continued to deduct half of his monthly income since May 2009. (Doc. No. 118 at 3-6.) Petitioner also maintains that the Bureau of Prisons will indefinitely deduct half of his pay because Petitioner only earns about $50.00 per month while incarcerated and because the Probation Letter indicates that the balance of unpaid interest will remain $2,625.37 until a single payment in that amount is received, regardless of how many incremental payments are made from deductions in Petitioner's monthly pay by the Bureau of Prisons. (*Id.* at 3.)

## Standard of Review

This Court has jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Petitioner. 28 U.S.C. § 1361 (2010). "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Dennis v. U.S. Bureau of Prisons*, 325 F. App'x 744, 746 (11th Cir. 2009) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). The petitioner carries the burden of showing that his right to a writ of mandamus is clear and indisputable. *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008); *see also In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 962 (5th Cir. 1980) (holding that mandamus "will not issue to correct a duty that is to any degree debatable").

**Analysis**

Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). The Court will addresses each of these three elements in turn.

**I. Whether Petitioner Has a Clear Right to the Relief Requested**

Petitioner argues that the sentencing court did not order interest to accrue on the principal amount of restitution. (Doc. No. 118 at 3.) Pursuant to 18 U.S.C. § 3612(f)(1) and as stated in the judgment in this case, interest shall be paid on any restitution more than $2,500, unless it is paid in full before the fifteenth day after the date of the judgment. (Doc. No. 85 at 5.) Because the restitution of $14,168.45 was not paid in full within fifteen days from the entry of judgment, the restitution was lawfully subject to interest.

Petitioner also asserts that because the principal amount of restitution has been paid in full, the Bureau of Prisons should stop deducting half of his monthly pay. (Doc. No. 118 at 4.) Pursuant to 18 U.S.C. § 3612(i), payments relating to restitution shall be applied in the following order: (1) to principal; (2) to costs; (3) to interest; and (4) to penalties. The Probation Letter states that the principal amount of restitution has been paid in full and that interest remains unpaid, which is consistent with the order in which payments are to be applied. Petitioner states that he has made approximately $300 in payments since April 2009, and he admits that he is unaware of the amounts paid by his co-defendants since the Probation Letter was issued. (Doc. No. 118 at 3.) Thus, Petitioner's allegations, even if true, do not clearly entitle him to relief for improper application of payments.

Petitioner next argues that the Bureau of Prisons will indefinitely deduct half of his pay because Petitioner only earns about $50.00 per month while incarcerated and because the Probation Letter indicates that the balance of unpaid interest will remain $2,625.37 until a single payment in that amount is received, regardless of how many incremental payments are made from deductions in Petitioner's monthly pay by the Bureau of Prisons. (*Id.*) This argument misconstrues the Probation Letter. The Probation Letter does not direct Petitioner and his co-Defendants to submit a single payment of $2,625.37. Rather, it merely invites Petitioner and his co-Defendants to call the Probation officer to obtain a precise pay-off amount before making the final payment:

> As of 4/8/2009, the interest was $2,625.37. This amount will continue to accrue until it is paid in full. It would be wise to pay this off as soon as possible so no addition interest accrues.[1] Once you pay down this amount to the point where you are ready to pay it off, call me. I will get the final payoff at that time.

(Doc. No. 118-1 at 2.) Having rejected each of Petitioner's grounds for relief, it must be concluded that Petitioner has no clear right to the relief requested.

## II. Whether the Bureau of Prisons Has a Clear Duty to Act

Petitioner alleges that the Bureau of Prisons will continue to withhold half of his monthly pay until ordered otherwise by this Court. (Doc. No. 118 at 4.) Petitioner does not cite, and the Court does not find, any authority imposing a clear duty on the Bureau of Prisons to determine whether Petitioner owes any restitution or interest on restitution before continuing to withhold half of his monthly pay. Rather, that duty falls on Petitioner's probation officer. *See* 18 U.S.C. 3603(7) (2010) ("A probation officer shall . . . keep informed concerning the conduct, condition, and compliance with any condition of probation, including the payment of . . . restitution . . . ."); *United*

---

[1] Petitioner does not assert that the accrual of interest on interest is unlawful, and thus the Court need not discuss that issue here.

*States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995) ("The role of the probation officer is to supervise the order of restitution entered by the court to the extent provided by statute or ordered by the court.") (citing 18 U.S.C. § 3603). Finding no authority to the contrary, it must be concluded that the Bureau of Prisons does not have a clear duty to stop withholding half of Petitioner's monthly pay under the alleged facts.

## III. Whether Petitioner Has an Adequate Remedy Available to Him

Petitioner seeks a writ of mandamus to the Bureau of Prisons which has established grievance procedures for prisoner complaints "relating to any aspect" of confinement.[2] 28 C.F.R. §§ 542.10-.19 (2010). Such procedures could adequately remedy the alleged unlawful withholding of half of Petitioner's monthly wages. *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case."); *Ross v. Henderson*, 491 F.2d 116, 116 (5th Cir. 1974) (requiring the exhaustion of prison administrative remedies before considering a prisoner's petition for a writ of mandamus to a prison to return a seized book). Petitioner has offered no evidence that the grievance procedures set forth in 28 C.F.R. §§ 542.10-.19 were followed here or that they would be inadequate. Accordingly, Petitioner has adequate remedies other than a writ of mandamus available to him.

---

[1] First, a prisoner should commence an informal grievance using Form BP-8. 28 C.F.R. § 542.13(a). If unsuccessful, a prisoner may then file a BP-9 formal written complaint with the institution within twenty calendar days following the date on which the incident occurred. 28 C.F.R. § 542.14(a). Next, a prisoner may appeal the institution's decision by filing a BP-10 grievance with the Regional Director. 28 C.F.R. § 542.15. Finally, a prisoner may appeal the Regional Director's response by filing a BP-11 grievance with the central office's General Counsel for the Bureau of Prisons. 28 C.F.R. § 542.15(a).

**Conclusion**

Based on the foregoing, Petitioner has not established the three elements required for the issuance of a writ of mandamus. Accordingly, the Petition Seeking Mandamus Relief by Terry Donnell Nickson (Doc. No. 118) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 25, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Defendant
Attorney for Defendant
Attorney for the United States
United States Probation